E-FILED
Wednesday, 16 November, 2016  02:29:23 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY JAMES BOWMAN BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-1412 |
| | ) | |
| J.E. KRUEGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is now before the Court on Petitioner Bowman's Petition for Writ of Habeas Corpus Ad Subjiciendum.  For the reasons set forth below, the Petition [1] is Denied.

### BACKGROUND

A jury in the United States District Court for the Western District of Missouri convicted Bowman of conspiring to commit a bank robbery and to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c), and 2113(a); attempting to commit a bank robbery during which a person was assaulted or had his life put in jeopardy by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 2113(d); using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a total of 192 months' imprisonment.  Bowman appealed, and the Eighth Circuit affirmed. *United States v. Bowman*, No. 04-00187, *aff'd*, No. 05-2479 (8th Cir. 2006).

Bowman previously filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence, which was denied.  Undeterred by the denial of his § 2255 motion, Bowman now brings what is styled as a petition for "Writ of Habeas Corpus Ad Subjiciendum Guaranteed by the U.S. Constitution Art. 1, Section 9."  This Order follows.

1

## ANALYSIS

The essence of Bowman's claim invokes a common theme of a "sovereign citizen" argument, that is he "assert[s] that the federal government is illegitimate and insist[s] that [he is] not subject to its jurisdiction." *United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir. 2014). This is so, he argues, because "the United States did not have jurisdiction over the lands of where the alleged crimes accured [sic]," as it has not properly filed a notice of acceptance of jurisdiction with and obtained the consent of the Governor of Missouri Republic.  However, he is mistaken.  The laws of the United States apply to all persons within its borders. See *United States v. Phillips*, 326 Fed. App'x 400 (7th Cir. 2009) (rejecting "sovereign citizen" argument as frivolous and noting that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law"); *Jonassen*, 759 F.3d at 657; *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) ("sovereign citizen" arguments have "no conceivable validity in American law"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

Federal courts have recently been flooded with challenges to sentences based on the argument that the courts lack jurisdiction because of various permutations stemming from the petitioners' self-proclaimed status as a sovereign citizen. The Seventh Circuit has instructed district courts to "summarily reject" the "shop worn argument that a defendant is a sovereign." *Benabe*, 654 F.3d at 767; *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993). Because all of Bowman's claims are based on this theory, the Court will do just that.

**CONCLUSION**

For the reasons stated above, Petitioner Bowman's Petition [1] is Denied.  This matter is now terminated.

ENTERED this 16th day of November, 2016.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge